08/09/19 12:25:25 Orange Cty DC Scanned by Justin R.
Case 1:19-cv-00426-MAC-ZJH Document 2 Filed 09/16/19 Page 1 of 5 PageID #: 23
FILED 8/9/2019 8:49 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

Exhibit A

Cause No. A190295-C

| | | |
|---|---|---|
| RILEY NASH, and wife, NELDA NASH | § § § | IN THE JUDICIAL DISTRICT |
| VS. | § § | ORANGE COUNTY, TEXAS |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY | § § | 128th DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RILEY NASH, and wife, NELDA NASH, hereinafter referred to as Plaintiffs, and complains of HARTFORD ACCIDENT AND INDEMNITY COMPANY, hereinafter referred to as Defendant, and as grounds would show unto the court the following:

### I.

Plaintiffs intend that discovery be conducted under Level III, Texas Rule of Civil Procedure 190.4.

### II.

Plaintiffs, RILEY NASH and wife, NELDA NASH are the owners of the residential property made the subject of this suit, which is situated in Orange County, Texas.

Defendant, HARTFORD ACCIDENT AND INDEMNITY COMPANY, is a corporation doing business in the venue and jurisdiction of this Court, who may be served by serving its registered agent/attorney for service, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136

### III.

The Court has jurisdiction over Defendant, HARTFORD ACCIDENT AND INDEMNITY COMPANY because Defendant is a company doing business in the State of Texas and has purposefully established minimum contacts with the State of Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

### IV.

Venue is proper in Orange County, Texas because the events made the basis of this suit took place in Orange County, Texas and the property made the subject of this claim is located in Orange County, Texas.

### V.

This lawsuit is brought against Defendant insurance carrier for recovery of costs of repair to Plaintiffs' residence cause by Hurricane Harvey. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant, sold a policy of homeowner's insurance to Plaintiffs and contracted to indemnify Plaintiffs for all losses caused by windstorm. On or about August 29, 2017, Hurricane Harvey caused extensive damages to Plaintiffs' residence located at 1850 Dublin, Vidor,

Orange County, Texas. Such costs of repair are estimated to exceed $188,589.11. Plaintiffs made proper claim for all costs of repair as required under the policy and allowed Defendant insurance company representatives and adjusters access to the property for thorough inspection and appraisal. To date, Defendant HARTFORD ACCIDENT AND INDEMNITY COMPANY, its agents, servants, employees and representatives have failed to indemnify and compensate Plaintiffs for their costs of repair.

**VI.**

Plaintiffs bring this suit pursuant to Articles 541 and 542, et seq. of the Texas Insurance Code for all costs of repair and damages to their residence caused by Hurricane Harvey. The evidence will likely show:

1) Defendant and its representatives knowingly misrepresented to claimants pertinent facts or policy provisions relating to the coverage at issue;

2) Defendant and its representatives failed to acknowledge with reasonable promptness pertinent communications relating to the claim;

3) Defendant and its representatives failed to adopt and implement reasonable standards for the prompt investigation of the claim;

4) Defendant and its representatives failed to attempt in good faith, a prompt, fair and equitable settlement of the claim submitted in which liability has become clear;

5) Defendant and its representatives have compelled claimants to institute suit by offering substantially less than the amounts Plaintiffs will likely recover in suit;

6) Defendant and its representatives have negligently or intentionally refused to pay the proper amount due under the policy.

The foregoing acts and omissions were a proximate cause of Plaintiffs damages.

## VII.
## DAMAGES

Plaintiffs would show that the reasonable and necessary costs of repair caused by Hurricane Harvey are $188,589.11 for which suit is brought. Plaintiffs further allege that additional cost of repairs will likely be found as construction proceeds on the residence.

## IX.
## EXPENSES

Plaintiffs bring this lawsuit for recovery of all costs of expenses related to the lawsuit and for all statutory penalties, interest and punitive damages allowed by law.

## X.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiffs have judgment over and against the Defendant, judgment for all damages and injuries alleged herein which are in excess of the minimum jurisdictional limits

of this Court, and further that Plaintiffs have over and against all named Defendant herein such judgment together with punitive damages, prejudgment interest, post-judgment interest at the legal rate of interest, attorney's fees that are reasonable and necessary that are allowed by law, costs of Court, all other damages as allowed by law and for such other and further relief, both general and specific, in law and in equity, for which Plaintiffs may show themselves justly entitled.

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.**

Respectfully submitted,

DIES & PARKHURST, LLP

DAVID DIES
State Bar #05850800
1703 Strickland Drive
Orange, Texas  77630
rherford@dieslaw.com
(409) 883-0892
(409) 670-0888 - Facsimile

ATTORNEYS FOR PLAINTIFFS